Yvonne D. **FREEMAN**

v.

William L. **LUKHARD** et al.

**Civ. A. No. 78–0844–R.**

United States District Court, E. D. Virginia, Richmond Division.

March 2, 1979.

---

Ronnie Cohen, The Legal Aid Society of. Roanoke Valley, Catawba, Va., for plaintiff.

John A. Rupp, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This is an action brought under 42 U.S.C. § 1983 against certain officials of the Commonwealth of Virginia challenging a regulation under which eligibility for payments under the Aid to Dependent Children (ADC) Program is determined.[1] Plaintiff

---

1. Virginia ADC Regulation 201.4(B):

*Continued Absence of a Parent from the Home*—Continued absence of the parent from the home constitutes the reason for deprivation of parental support or care (1) when the parent is out of the home, (2) the nature of the absence is such as either to interrupt or to terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child, and (3) the known or indefinite duration of the absence precludes counting on the parent's performance of his function in planning for the present support or care of the child.

Absence may be due to divorce, desertion, incarceration, deportation, or inability to establish paternity. If absence has been established as due to any of these five reasons, deprivation because of continued absence exists. Such absence is considered to meet all *three* conditions specified in this policy.

Absences due to reasons other than the above five reasons are defined under the heading of "Separation." This would include employment away from home, military service, or simply living apart. Such absence does not necessarily cause a child to lose the continuous support, care or guidance of a parent.

claims that the challenged regulation is contrary to the Social Security Act,[2] the regulations promulgated by the Department of Health, Education and Welfare pursuant thereto,[3] and the Equal Protection Clause of the Fourteenth Amendment. Pursuant to the Court's Order of 9 November 1978, the parties have filed cross-motions for partial summary judgment on the validity of the challenged Virginia regulation on its face and as interpreted and applied by defendant Lukhard.[4] These motions are now ripe for disposition.

The undisputed facts are as follows. Plaintiff Yvonne D. Freeman is a married woman with three minor children. In February 1978 she left her husband and went with her children to live with her mother. In April 1978 plaintiff applied for ADC benefits for her children and herself. Mrs. Freeman and her oldest child were found eligible for ADC benefits, but her two younger children were found ineligible. The reason given for this finding was that although the father was absent from the home he continued to visit the younger children daily, discuss their care with the plaintiff, and provide them with milk and diapers. Thus, the father's absence from the home did not result in a total deprivation of maintenance, physical care, or guidance. Hence the children are ineligible for ADC.

State regulations provide that where the parental absence is due to divorce, desertion, incarceration, deportation, or lack of paternity, the child's eligibility is presumed.

If the absence of the parent is a result of any other condition, the absence is termed "separation," and the child is eligible only if the absent parent provides no maintenance, physical care or guidance. If the absent parent completely fails to provide any one of the three, eligibility is found. However, if the absent parent provides any amount of all three, however small, the child is ineligible for ADC benefits.

The Court will first consider plaintiff's claim that this regulation, Virginia ADC Regulation 201.4(B), on its face and as interpreted and applied by defendant Lukhard, violates the Social Security Act. The relevant provision of that Act, 42 U.S.C. § 606(a), limits eligibility to those needy children who have been subjected to the deprivation of parental support or care by reason of the (1) death, (2) continued absence from the home, or (3) physical or mental incapacity of a parent. The federal standard for deprivation when the parent is physically or mentally incapacitated is that the incapacity is, "of such a debilitating nature as to reduce substantially or eliminate the parent's ability to support or care for the otherwise eligible child." 45 C.F.R. § 233.90(c)(1)(iv). By contrast, the federal standard for deprivation in cases of continued absence is where, "the nature of the absence is such as to either interrupt or terminate the parent's functioning as a provider of maintenance, physical care or guidance for the child." 45 C.F.R. § 233.-90(c)(1)(iii). Plaintiff argues that the defi-

Where absence is due to separation, a finding of ineligibility can be made when the agency can prove and document that even though a parent has moved out of the home he can be counted on to continuously provide maintenance, physical care and guidance for the child.

**2.** 42 U.S.C. § 606(a):

(a) The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, [or other specified relative] . . . .

**3.** 45 C.F.R. § 233.90(c)(1)(iii):

*Continued absence of the parent from the home.* Continued absence of the parent from

the home constitutes the reason for deprivation of parental support or care when the parent is out of the home, the nature of the absence is such as either to interrupt or to terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child, and the known or indefinite duration of the absence precludes counting on the parent's performance of his function in planning for the present support or care of the child. If these conditions exist, the parent may be absent for any reason, and he may have left only recently or some time previously.

**4.** Defendant Lukhard is the Commissioner of the Virginia Department of Welfare and as such is responsible for administering ADC in Va.

nition of deprivation should be the same regardless of whether the deprivation is caused by the parent's physical or mental incapacity or caused by the parent's absence from the home.

■ Insofar as plaintiff's claim directly challenges the validity of the regulations promulgated by the Department of Health, Education and Welfare, defendant correctly points out that neither that agency nor any other agency of the United States is present before the Court. Moreover, HEW's interpretation of the statute as set forth in the quoted portion of its regulations is entitled to serious consideration. It has long been recognized that interpretations of statutes by the administrative body charged with the administration of those statutes are entitled to great weight in the courts.

■ The administrative body, by the quoted regulations, states that the measure of the deprivation where the deprivation is a result of mental or physical impairment is a *substantial reduction* or an *elimination* of a parent's support or care for the child. Where the deprivation is a result of "continued absence," the requisite deprivation exists when the absence *interrupts* or *terminates* a parent's maintenance, physical care, or guidance for the child.

The loss to the child in the two situations stems from different causes and the Court perceives no legal·basis to read them as being functionally identical as plaintiff contends. A parent who lives apart from the child but continues to provide maintenance, physical care or guidance for the child is simply not "absent" for the purposes of the regulation. The regulation recognizes that a parent who is substantially incapacitated may still do his best to provide for his child. The fact that the deprivation is not total does not affect the parent's incapacity. A parent who is physically and mentally capable of supporting his child, however, simply is not "absent" from the home if he continues to function as a provider of maintenance, physical care or guidance.

■ Plaintiff also challenges the State regulation as conflicting with the purpose of the Social Security Act. On this point, the Court first notes that the regulation in question has been approved by HEW as being in compliance with the Act and the regulations. As the Court has noted, this approval is entitled to great weight. The purposes of the Social Security Act are many, and the State must implement the Act in accordance with its provisions. To do that, the State must answer the question of when a child is eligible for benefits. The State's determination may be more or less restrictive than the plaintiff considers best, but this alone does not render it in conflict with the purposes of the Act. Plaintiff argues that the Virginia policy actively discourages any relationship between absent parents and their children, thus weakening family life in derogation of the purposes of the Act. But it could just as easily be maintained that the Virginia policy, by refusing to grant benefits to children whose parents have moved elsewhere but continue to discharge parental duties, avoids the pitfall of encouraging parents to move out of the home just to secure ADC benefits to their children. It is not the duty of the Court to decide between these arguments and substitute its judgment for that of the State Department of Welfare or of HEW. Accordingly, plaintiff's statutory claims must be denied.

■ The Court now comes to plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff bases her attack on the presumption found in the challenged regulation that a parent is absent without regard to maintenance, physical care or guidance if the absence is caused by divorce, desertion, incarceration, deportation or inability to establish paternity. If the absence is due to any other cause, "a finding of ineligibility can be made when the agency can prove and document that even though a parent has moved out of the home he can be counted on to continuously provide maintenance, physical care and guidance for the child." [Va. ADC Reg. 201.4(B)] In the first place, this is a far different thing from saying "the ADC applicant must prove that the absent parent

provides no maintenance, physical care or guidance," as the plaintiff said in her brief filed 8 December 1978, page 10. The burden of proof is clearly on the agency, not the applicant. Nevertheless, a classification has been made by the State, and the plaintiff contends that there is no rational basis for this classification.

The State justifies its classification by saying that all of the listed events which establish the presumption of continued absence without further inquiry constitute "a definite, clear-cut action . . . to terminate, change or interrupt the relationship between the parents and thereby impact the relationship to the children." Gallagher affidavit, ¶ 16. The State admits that its presumption may result in children who do receive maintenance, physical care and guidance from the absent parent nevertheless being found eligible for ADC benefits. The State argues, however, that so long as the classification established by the regulation has some reasonable basis, it does not offend the Equal Protection Clause.

Plaintiff complains that a child of divorced parents will receive ADC benefits no matter what amount of support he receives from the absent parent, while a child of separated parents similarly situated will not receive benefits. In the first place, this argument ignores that the child of divorced parents must still meet the standard of need. Moreover, the child of separated parents will receive benefits unless the Department of Welfare can prove that the parent is providing maintenance, physical care or guidance though he is, in fact, absent from the home. The State regulation merely presumes that every divorced parent is absent from the home—an eminently rational presumption.

The Court finds that there is a rational basis for the State's classification. The listed conditions which serve to raise a presumption of absence are all well-known and recognized statuses of family alienation. Their characteristics are such that they may easily be determined administratively. Furthermore, a parent absent due to divorce, desertion, incarceration, deportation, or inability to establish paternity is almost certainly not absent to establish fraudulent eligibility for ADC benefits for his children. If none of these listed conditions is present, the regulation merely calls for an investigation to determine eligibility and protect against fraud. The Court finds this to be entirely rational. The fact that the classification may result in seeming inequities from case to case is not a basis to find the State regulation unconstitutional. *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

With respect to plaintiff Mary Arnold, the other named plaintiff in this matter, she had been determined eligible for the ADC Program prior to the filing of this suit. Accordingly, her case is moot and she is dismissed as a party plaintiff.

Plaintiff has moved the Court to vacate its order dismissing defendants Crawley and Ritchie. Nothing in plaintiff's motion serves to change the Court's mind on the propriety of its earlier order. Later proceedings may in this case change the legal relationship but in the meantime, this motion will be denied.

An appropriate order shall issue.